## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 14-cv-452 |
| | ) |
| v. | ) Judge |
| | ) |
| RONALD E. SCHERER, | ) Magistrate Judge |
| RONALD E. SCHERER RESTATEMENT | ) |
| OF TRUST, PNC BANK (as successor | ) |
| to National City Bank) TRUSTEE, | ) |
| COLLEGE PROPERTIES LIMITED | ) |
| PARTNERSHIP, | ) |
| MARSHA JO SCHERER (n/k/a MARSHA JO | ) |
| LUSTNAUER AMICON), | ) |
| SCHERER FAMILY IRREVOCABLE TRUST, | ) |
| DAVID THOMPSON, TRUSTEE, | ) |
| MUNICIPAL TAX INVESTMENT, LLC, and | ) |
| FRANKLIN COUNTY TREASURER, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Pursuant to the provisions of 26 U.S.C. §§ 7401, 7402, and 7403, with the authorization of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, the plaintiff United States of America brings this civil action to: (a) obtain a judgment for, and collect from the defendant, Ronald Scherer, an unpaid liability for federal income taxes, penalties, interest, and statutory accruals thereon, and for trust fund recovery penalties, and statutory interest thereon; (b) establish the validity of the liens of the United States under 26 U.S.C. § 6321 upon all of the property and rights to property of the defendant-taxpayer, Ronald Scherer and of alter egos of Ronald Scherer; (c) enforce the liens of the United States upon the property and rights to property of Ronald Scherer and/or of alter egos of Ronald Scherer in the real property commonly known as 4425-4427 Lowestone Road, Columbus, Ohio 43220 (the

"Lowestone Road Property") and in the real property commonly known as 6015 Strome Court,
Dublin, Ohio 43017 (the "Strome Court Property") and foreclose the interests and claims of the
taxpayer and of all other persons in, or against, that property; (d) determine the respective
interests of the defendants in the Lowestone Road and Strome Court Properties and the relative
priority and amount or percentage of distribution that each defendant and the United States shall
receive from the proceeds of a Court-ordered public or receiver sale of said properties; and (e)
permit a Court-ordered public or receiver sale of the Lowestone Road and 6015 Strome Court
Properties under 26 U.S.C. §7403(c), and complains and alleges as follows.[1]

## GENERAL ALLEGATIONS

### Jurisdiction, Subject Properties, and Parties

1. Jurisdiction over this action is conferred upon the district court in 28 U.S.C. §§ 1331,
1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403(c).

2. The plaintiff is the United States of America.

3. The legal description of one of the real properties that is the subject of this action and
that is a duplex that is commonly known as 4425-4427 Lowestone Road, Columbus, Ohio
43220, having Parcel Number 070-011211, is:

---

[1] Rule 8(a)(1), Fed.R.Civ.P. provides, among other things, that "[a] pleading that states a claim
for relief must contain: … a short and plain statement of the claim showing that the pleader is
entitled to relief…" This complaint contains a thoroughly detailed statement of the grounds
showing that the United States is entitled to relief, and eighty-one (81) exhibits are attached to,
and cross-referenced in, it. The United States provides the detailed and documented statement,
in part, because it is alleging fraud as a supportive or alternative, but unrequired, basis of support
for some of the grounds it asserts for relief. Rule 9(b), Fed.R.Civ.P. provides that, in alleging
fraud, among other things, "… a party must state with particularity the circumstances
constituting fraud or mistake..." By providing the detailed and documented statement, the
United States also seeks to streamline the litigation by narrowing the issues and to try to increase
the potential for resolving the matter with more limited litigation and, thereby, reduce the burden
placed upon the Court.

> Located in the City of Upper Arlington and further described as
> Being Lot Number Eight (8) of Shelbourne Heights Extension No.
> 5, as the said lot is numbered and delineated upon the recorded plat
> thereof, of record in Plat Book No. 38, Page 99, Recorder's Office,
> Franklin County, Ohio.

4. The legal description of the other real property that is the subject of this action and that

is commonly known as 6015 Strome Court, Dublin, Ohio 43017 is:

> Situated in the County of Franklin, in the State of Ohio and in the
> Village of Dublin and bounded and described as follows:
>
> Being Unit No. 6015 of LOCHSLEE CONDOMINIUM, as the
> same is numbered, designated, delineated and described in the
> Declaration and drawings thereof, of record, respectively, in
> Official Records Volume 760, pages B18 through D20, both
> inclusive, and Condominium Plat Book 15, pages 65 through 71,
> both inclusive, as amended by the First Amendment of said
> Declaration and the drawings filed in connection therewith, of
> record respectively, in Official Records Volume 1131, pages B07
> through B16, both inclusive, and Condominium Plat Book 18,
> pages 69 through 75, both inclusive, all in the Recorder's Office of
> Franklin County, Ohio (hereinafter the "subject premises").
>
> This conveyance and the rights hereunder of the Grantee are
> subject to the Provisions of Chapter 5311 of the Revised Code of
> Ohio and the terms and provisions of the Declaration of Lochslee
> Condominium, the Articles of Incorporation and Bylaws of
> Lochslee Condominium Association and the administrative rules
> and regulations adopted pursuant thereto, as any of the same may
> be lawfully amended from time to time.

5. The real property that is the subject of this action is located within the jurisdiction of

this Court.

6. Ronald Scherer resides at 35 Lions Paw Grand, Daytona Beach, Florida 32124.  He

may claim an interest in the property upon which the United States seeks to enforce its lien.

7. Robert. E. Scherer Restatement of Trust, PNC Bank (as successor to National City

Bank), Trustee is located within the jurisdiction of this Court.  It may claim an interest in the

property upon which the United States seeks to enforce its lien.

8. College Properties Limited Partnership, c/o Ronald E. Scherer, General Partner and Agent, 777 West Goodale Boulevard, P.O. Box 1677, Columbus, Ohio 43216, and 35 Lions Paw Grand, Daytona Beach, Florida 32124 may claim an interest in the property upon which the United States seeks to enforce its lien.

9. Marsha Jo Scherer (n/k/a Marsha Jo Lustnauer Amicon) resides at 3405 Sunset Drive, Columbus, Ohio 43240. She may claim an interest in some of the property upon which the United States seeks to enforce its lien.

10. Scherer Family Irrevocable Trust, David Thompson, Trustee is located at 6015 Strome Court, Dublin, Ohio 43017. It may claim an interest in some of the property upon which the United States seeks to enforce its lien.

11. Municipal Tax Investment, LLC, 121 S. 13 Street, Suite 201, Lincoln, Nebraska 68508, may claim an interest in the property upon which the United States seeks to enforce its lien.

12. The Franklin County Treasurer, Franklin County's Treasurer's Office, 373 S. High Street, 17th Floor, Columbus, OH 43215-8124 is located within the jurisdiction of this Court. The Treasurer may claim an interest in the property upon which the United States seeks to enforce its lien.

### IRS Assessments of Tax and Penalties against Ronald E. Scherer

13. In 1991, Mr. Scherer filed a 1990 income tax return, reporting an overpayment. The IRS issued a refund to him. In 2000, based on an examination, the IRS made an additional assessment of tax, penalties, and interest against Mr. Scherer for 1990. Payments were received for those assessments. In a proceeding brought by Mr. Scherer in 2003 in the United States Tax Court challenging further deficiencies in tax determined by the IRS, a stipulated Decision was

4

entered that, among other things, Mr. Scherer had a deficiency in his 1990 income taxes in the amount of $552,113.00 and that he was liable for a penalty in the amount of $55,211.00. True and correct copies of the Decision, a Stipulation, and a Stipulation of Settled Issues in *Ronald E. Scherer v. Commissioner*, Docket No. 240-03 (United States Tax Court) are attached as Exhibits 1, 2, and 3.

14. On December 16, 2005, a delegate of the Secretary of the Treasury of the United States of America made another additional assessment of income taxes, penalties, and interest against Ronald Scherer for 1990 in the amounts as follows:

| Item | Date of Assessment | Amount |
|------|--------------------|--------|
| Income tax | December 16, 2005 | $552,113.00 |
| Penalty | December 16, 2005 | $55,211.00 |
| Interest | December 16, 2005 | $1,154.486.58 |

On December 16, 2005, the IRS issued notice and demand for payment of said assessments to Ronald E. Scherer. A true and correct copy of an IRS Account Transcript for Mr. Scherer's 1990 tax year reflecting said assessments and the issuance of notice and demand for payment is attached as Exhibit 4.

15. In 1992, Mr. Scherer filed a 1991 income tax return, reporting an overpayment. The IRS issued a refund to him. In 2000, based on an examination, the IRS made an additional assessment of tax, penalties, and interest against Mr. Scherer for 1990. Payments were received for those assessments. In a proceeding brought by Mr. Scherer in 2003 in the United States Tax Court challenging further deficiencies in tax determined by the IRS, a stipulated Decision was entered that, among other things, Mr. Scherer had a deficiency in his 1991 income taxes in the amount of $326,659.00 and that he was liable for a penalty in the amount of $32,665.00. True and correct copies of the Decision, a Stipulation, and a Stipulation of Settled Issues in *Ronald E.*

5

*Scherer v. Commissioner*, Docket No. 240-03 (United States Tax Court) are attached as Exhibits 1, 2, and 3.

16. On December 16, 2005, a delegate of the Secretary of the Treasury of the United States of America made another additional assessment of income taxes, penalties, and interest against Ronald Scherer for 1991 in the amounts as follows:

| Item | Date of Assessment | Amount |
|------|--------------------|--------|
| Income tax | December 16, 2005 | $326,659.00 |
| Penalty | December 16, 2005 | $32,665.90 |
| Interest | December 16, 2005 | $586,318.44 |

On December 16, 2005, the IRS issued notice and demand for payment of said assessments to Ronald E. Scherer. A true and correct copy of an IRS Account Transcript for Mr. Scherer's 1991 tax year reflecting said assessments and the issuance of notice and demand for payment is attached as Exhibit 5.

17. In 1993, Mr. Scherer filed a 1992 income tax return, reporting a substantial income tax owed, but paying less than half of it with withholding tax payments and a payment with his return. Prior to December 16, 2005, Mr. Scherer made additional payments and credits were applied with respect to his reported liability. In a proceeding brought by Mr. Scherer in 2003 in the United States Tax Court challenging further deficiencies in tax determined by the IRS, a stipulated Decision was entered that, among other things, Mr. Scherer had a deficiency in his 1992 income taxes in the amount of $298,046.08 and that he was liable for a penalty in the amount of $29,804.61. True and correct copies of the Decision, a Stipulation, and a Stipulation of Settled Issues in *Ronald E. Scherer v. Commissioner*, Docket No. 240-03 (United States Tax Court) are attached as Exhibits 1, 2, and 3.

18. On December 16, 2005, a delegate of the Secretary of the Treasury of the United States of America made an additional assessment of income taxes, penalties, and interest against Ronald Scherer for 1992 in the amounts as follows:

| Item | Date of Assessment | Amount |
|------|--------------------|--------|
| Income tax | December 16, 2005 | $298,046.08 |
| Penalty | December 16, 2005 | $29,804.61 |
| Interest | December 16, 2005 | $486,556.09 |

On December 16, 2005, the IRS issued notice and demand for payment of said assessments to Ronald E. Scherer. A true and correct copy of an IRS Account Transcript for Mr. Scherer's 1992 tax year reflecting said assessments and the issuance of notice and demand for payment is attached as Exhibit 6.

19. A delegate of the Secretary of the Treasury of the United States of America made assessments of trust fund recovery penalties under 26 U.S.C. § 6672 against Ronald Scherer with respect to the income and social security taxes withheld from the pay of employees of Northern News Company but not paid over to the United States for the calendar quarters, on the dates, and in the amounts as follows:

| Quarter | Date of Assessment | Amount |
|---------|--------------------|--------|
| 2nd Quarter of 2006 | October 25, 2010 | $369.58 |
| 4th Quarter of 2006 | October 25, 2010 | $2,498.36 |
| 2nd Quarter of 2008 | October 25, 2010 | $5,230.27 |
| 3rd Quarter of 2008 | October 25, 2010 | $5,137.19 |
| 4th Quarter of 2008 | October 25, 2010 | $4,950.88 |
| 1st Quarter of 2009 | October 25, 2010 | $4,975.47 |
| 3rd Quarter of 2009 | October 25, 2010 | $527.90 |

On October 25, 2010, the IRS issued notice and demand for payment of said assessments to Ronald E. Scherer.  True and correct copies of IRS Account Transcripts reflecting said assessments and the issuance of notice and demand for payment for them are attached as Exhibits 7 through 13.

20. A delegate of the Secretary of the Treasury of the United States of America made assessments of trust fund recovery penalties under 26 U.S.C. § 6672 against Ronald Scherer with respect to the income and social security taxes withheld from the pay of employees of Harbor Park Market Company but not paid over to the United States for the calendar quarters, on the dates, and in the amounts as follows:

| Quarter | Date of Assessment | Amount |
|---|---|---|
| 2nd Quarter of 2008 | December 14, 2009 | $4,211.12 |
| 3rd Quarter of 2008 | December 14, 2009 | $15,110.74 |
| 4th Quarter of 2008 | December 14, 2009 | $12,589.65 |
| 1st Quarter of 2009 | December 14, 2009 | $9,651.58 |

On December 14, 2009, the IRS issued notice and demand for payment of said assessments to Ronald E. Scherer.  True and correct copies of IRS Account Transcripts reflecting said assessments and the issuance of notice and demand for payment for them are attached as Exhibits 9 through 12.

### Deeds Relevant to the Subject Properties

**The Lowestone Road Property**

21. On March 14, 2003, a Sheriff's Deed on Order of Sale was recorded in the Register's Office for Franklin County, Ohio.  The deed transferred title to the Lowestone Road Property to

National City Bank, Trustee of the Robert E. Scherer Restatement of Trust.  A true and correct copy of the deed is attached as Exhibit 14.

**The Strome Court Property**

22. On August 29, 1985, a warranty deed was recorded in the Register's Office for Franklin County, Ohio.  The deed transferred title to the Strome Court Property, which is a unit in Lochslee Condominiums, to College Properties Limited Partnership (College Properties).  The sale price for the property was $100,000   A true and correct copy of the deed is attached as Exhibit 15.

**Entities Holding Record Title to the Subject Properties and Facts Showing Ronald E. Scherer's Authority Over and Use and Control of Them**

**Ronald E. Scherer Restatement of Trust**

23. A Restatement of the Ronald E. Scherer Trusts (Restatement Trust), dated April 16, 1997, and signed before a notary by Ronald E. Scherer, as grantor, on December 23, 1997, provided, among other things, that National City Bank (NCB) would be the trustee for all three trusts he previously established on June 16, 1993, and that the assets of the three trusts would be consolidated and held by NCB.  <u>See</u> A true and correct copy of the Restatement of The Ronald E. Scherer Trusts, which is attached hereto as Exhibit 16 at pp. 1-2.

24. Ronald E. Scherer is the primary beneficiary of the Restatement Trust.  His children are listed as secondary beneficiaries.  *Id.* at p. 2.

25. Ronald E. Scherer has the authority to direct distributions of income and principal from the Restatement Trust.  *Id.* at p. 2.

26. Ronald E. Scherer has the right to possess, use, consume, and in all manner enjoy any personal property of the Restatement Trust.  *Id.* at p. 2.

27. Ronald E. Scherer has the power to amend or revoke the Restatement Trust.  If he revokes the trust, the property of the trust will be conveyed to him, except to the extent the trustee needs them to pay liabilities or expenses it incurred in administering the trust.  *Id.* at p. 3.

28. Ronald E. Scherer is the Investment Advisor for the trust.  The trustee may invest in or sell trust assets only as directed by the Investment Advisor.  *Id.* at pp. 16-17 and Investment Authorization, which is the last page of the exhibit.

**<u>Tax Returns of the Restatement Trust</u>**

29. Forms 1041 U.S. Income Tax Return for Estates and Trusts for the Restatement Trust for 2003 through 2006 reflect that the trust is a "… grantor trust and all income is taxable to the grantor …"  A grantor tax information letter attached to each return indicates that the trustee, NCB, sent copies of the returns to Ronald E. Scherer.  The address for Ronald E. Scherer reflected on the letter is 5131 Post Road, Dublin, Ohio 43017, which is an office building.  <u>See</u> True and correct copies of the Form 1041 returns for the Restatement Trust attached as Exhibit 17.

**<u>Bank Transactions of the Restatement Trust</u>**

30. The May, 2007 NCB Account Statement for the Restatement Trust indicates that its only asset, other than cash, is the Lowestone Road Property.  The address for Ronald E. Scherer reflected on the account statement is 5131 Post Road, Dublin, Ohio 43017.  <u>See</u> A true and correct copy of May, 2007 NCB account statement attached as Exhibit .

31. Ronald E. Scherer sent a number of letters to NCB, directing it to make large withdrawals from the Restatement Trust account.

a. By letter dated September 6, 2000, he directed that $130,000 be withdrawn and deposited in his personal checking account, which had a number ending with the digits 3195.

b. By letter dated November 30, 2000, he directed that $200,000 be withdrawn and deposited in his personal checking account, which had a number ending with the digits 3195.

c. By letter dated December 26, 2000, he directed that $215,000 be withdrawn and deposited in his personal checking account, which had a number ending with the digits 3195.

d. By letter dated January 17, 2001, he directed that $210,000 be withdrawn and deposited in his personal checking account, which had a number ending with the digits 3195.

e. By letter dated February 13, 2001, he directed that $235,000 be withdrawn and deposited in his personal checking account, which had a number ending with the digits 3195.

f. By letter dated March 20, 2001, he directed that $110,000 be withdrawn and deposited in his personal checking account, which had a number ending with the digits 3195.

g. By letter dated December 20, 2002, he directed that $250,000 be withdrawn and wire transferred into his checking account at Comerica Bank, which had a number ending with the digits 3579.

h. By letter dated February 27, 2003, he directed that $140,000 be withdrawn and wire transferred into his checking account at Comerica Bank, which had a number ending with the digits 3579.

i. By letter dated April 18, 2003, he directed that $200,000 be withdrawn and wire transferred into his checking account at Comerica Bank, which had a number ending with the digits 3195.

11

j. By letter dated June 17, 2003, he directed that $100,000 be withdrawn and wire transferred into his checking account at Comerica Bank, which had a number ending with the digits 3195.

k. By letter dated April 2, 2004, he directed that $85,000 be withdrawn and wire transferred into his checking account at Comerica Bank, which had a number ending with the digits 3195.

See True and correct copies of said letters that Ronald E. Scherer sent to NCB attached as Exhibit 19.

32. During March through July of 2003, transfers totaling several hundred thousand dollars were wired from the Restatement Trust account at NCB to a checking account at Comerica Bank (account number ending 3579) with respect to which the checks reflect the name of Ronald E. Scherer. See True and correct copies of account statements from NCB and a bank signature card for the account at Comerica Bank attached as Exhibits 20 and 43.

33. Ronald E. Scherer, as well as his associates Joyce Boening and David Thompson, were authorized signatures on the Comerica account ending with the numbers 3579. See A true and correct copy of bank signature card to the Comerica account ending 3579 attached as Exhibit 43.

34. By letter dated December 27, 2005, addressed to David Thompson, who is an associate of Ronald E. Scherer at Maximum, Inc., which is a business owned by Ronald E. Scherer, a vice president of NCB provided notice that the balance of the Restatement Trust account was only $1,600, and that additional funds were needed to pay real estate taxes and bank fees. See A true and correct copy of letter from NCB to Ronald E. Scherer attached as Exhibit 21.

35. By letter dated April 4, 2006, addressed to David Thompson, a vice president of NCB provided notice that the balance of the Restatement Trust account was overdrawn in the amount of $2,663.25, and that additional funds were needed to pay make up the overdraft and to provide funds to cover anticipated expenses of the trust. <u>See</u> A true and correct copy of letter from NCB to Ronald E. Scherer attached as Exhibit 21 at US000230-231.

36. By letter dated May 31, 2006, addressed to Joyce Benning [Boening], who is an associate of Ronald E. Scherer, a vice president of NCB provided notice that there was an overdraft in the amount of $236.55 in the Restatement Trust account, real estate taxes on property of the trust would be due in mid-June, and asked for Mr. Scherer to cause the trust to supply $5,000. <u>See</u> A true and correct copy of letter from NCB to Ronald E. Scherer attached as Exhibit 21 at US000232.

37. By letter dated June 19, 2006, addressed to Ronald E. Scherer, a vice president of NCB explained that there was an overdraft in the Restatement Trust account and that approximately $3,000 per quarter needed to be deposited into the account so that the bank could pay the real estate taxes and fees for the trust. Enclosed with the letter was a copy of a prior letter of April 4, 2006, in which the bank suggested some possible solutions to the shortages in the account. In July, October, and December of 2006, the bank sent letters addressed to Ronald E. Scherer containing information similar to that contained in the June 19, 2006 letter. In the April 4, 2006 letter, NCB suggested that Ronald E. Scherer withdraw the Lowestone Road Property and convey it to himself, list it for sale, allow the bank to manage the property or sell it, or that Ronald E. Scherer make a deposit in the trust account. <u>See</u> True and correct copies of said letters from NCB attached as Exhibit 22.

38. In response to some of the letters that NCB sent seeking deposit of additional funds in the Restatement Trust account, Ronald E. Scherer and his associates, Joyce Boening and David Thompson, sent checks to NCB written on a checking account of Maximum, Inc., to be deposited in the trust account. The address for Maximum, Inc. reflected on the check is 5131 Post Road, Dublin, Ohio 43017, which is the same address that is listed for Ronald E. Scherer on the NCB statements for the Restatement Trust. See True and correct copies of the checks attached as Exhibit 23.

**College Properties Limited Partnership**

39. On August 29, 1985, a certificate of limited partnership for College Properties Limited Partnership (College Properties) was recorded in Franklin County, Ohio. A true and correct copy of the certificate of limited partnership is attached as Exhibit 24.

40. The certificate of limited partnership states that the partnership "… shall engage in the acquisition, rental and management of residential real property or in such other businesses as the General Partner shall determine." *Id.*

41. Ronald E. Scherer is the general partner of College Properties. *Id.*

42. The limited partners of College Properties are Marsha Jo Scherer, who was the wife of Ronald E. Scherer at the time the partnership was formed, but was divorced from him in January, 2007, and the Scherer Family Irrevocable Trust. *Id.*

43. The trustee for the Scherer Family Irrevocable Trust was David Thompson, who is an associate of Ronald E. Scherer and works in businesses that he owns.

44. As general partner, Ronald E. Scherer retained the right to deny an assignment of an existing limited partner's interest. *Id.*

45. As general partner, Ronald E. Scherer alone has the authority to determine any distributions of cash other than as a result of the termination of the partnership.  *Id.*

**Real Property Titled in the Name of College Properties**

**- *1751 Valley Road, Harbor Springs, Michigan 49740 Property***

46. On February 8, 2005, a warranty deed by which Birchwood Construction Company transferred to Ronald E. Scherer title to a residence at 1751 Valley Road, Harbor Springs, Michigan 49740 was recorded in Emmet County, Michigan.  The deed reflects that Ronald E. Scherer paid $375,000 for the property.  A true and correct copy of the deed is attached as Exhibit 25.

47. On February 8, 2005, a mortgage granted by Ronald E. Scherer in favor of Wells Fargo Home Mortgage and secured by the residence at 1751 Valley Road, Harbor Springs, Michigan 49740 was recorded in Emmet County, Michigan.  On the mortgage and the loan application, Ronald E. Scherer is reflected as the borrower.  The amount of the mortgage is reflected on those documents as $337,500.  His primary residence is reflected as 35 Lions Paw Grand, Daytona Beach, Florida 32124.  The residence at 1751 Valley Road, Harbor Springs, Michigan 49740 is described in the mortgage papers as a second home of Mr. Scherer.  True and correct copies of the mortgage and of the loan application are attached as Exhibits 26 and 27.

48. Also on February 8, 2005, a warranty deed by which Ronald E. Scherer transferred to College Properties, Ltd. title to the residence at 1751 Valley Road, Harbor Springs, Michigan 49740 (the "1751 Valley Road Property") was recorded in Emmet County, Michigan.  The deed reflects that it was given to College Properties for "Less Than One Dollar" and that it is exempt from State and County transfer tax pursuant to certain specified Michigan laws.  A true and correct copy of the deed is attached as Exhibit 28.

49. Electric service for the 1751 Valley Road property with Great Lakes Energy during 2006 through 2008 was in an account in the name of Ronald E. Scherer. Great Lakes Energy's records of the account contain Ronald E. Scherer's social security number. Prior to 2007, payments for electric service were made by check. After 2006, payments on the account were made by e-checks submitted by Mr. Scherer's business associate, Joyce Boening. A true and correct copy of Great Lakes Energy's response to an IRS summons seeking information about the account is attached as Exhibit 29 .

50. Ronald E. Scherer used the 1751 Valley Road Property with respect to which he had transferred record title to College Properties to secure loans for his health care business. On April 17, 2006, a mortgage granted by College Properties in favor of First Century Bank, N.A. and secured, in part, by the residence at 1751 Valley Road, Harbor Springs, Michigan 49740 was recorded in Emmet County, Michigan, L-1077, P-573. The mortgage reflects that it is provided to secure two promissory notes dated July 15, 1988 that were made by West Virginia Health Care, Inc. West Virginia Health Care, Inc. is a company owned by Ronald E. Scherer. According to the mortgage, the loan amounts, as modified, were $2.4 million and $2.1 million. The mortgage states that the notes were personally guaranteed by Ronald E. Scherer. A true and correct copy of the mortgage is attached as Exhibit 30.

51. On May 8, 2006, a Mortgage Release, Satisfaction, and Discharge was recorded in Emmet County, Michigan that indicated that Wells Fargo Bank, N.A. had been paid in full on the $337,500 mortgage granted by Ronald E. Scherer, which was recorded on February 8, 2005. A true and correct copy of the Mortgage Release, Satisfaction, and Discharge is attached as Exhibit 31.

16

52. As of October 1, 2009, Ronald E. Scherer's driver license issued by the State of Florida reflected his address as 1751 Valley Road, Harbor Springs, Michigan 49740-8752.  A true and correct copy of the license is attached hereto as Exhibit 32.

53. On March 13, 2012, a warranty deed by which College Properties, Ltd. transferred to Chestnut Valley Holdings, LLC, title to the residence at 1751 Valley Road, Harbor Springs, Michigan 49740 was recorded in Emmet County, Michigan.  The deed reflects that it was given for $250,000.  The deed also reflects that the address for College Properties, Ltd. is 6015 Strome Court, Dublin, Ohio 43017.  A true and correct copy of the deed is attached as Exhibit 33.

54. On April 23, 2012, a Certificate of Satisfaction, stating that First Century Bank, Inc. f/k/a First Century Bank, N.A., certified that the note(s) secured by its mortgage recorded April 17, 2006, L-1077, P-573, have been paid in full.  A true and correct copy of the Certificate of Satisfaction is attached as Exhibit 34.

- ***Strome Court, Dublin, Ohio 43017 Property***

55. Before Ronald E. Scherer transferred the 1751 Valley Road Property to College Properties in February, 2005, College Properties obtained title to several condominiums in a complex in Dublin, Ohio, including the 6015 Strome Court Property, in August, 1985.

56. On August 29, 1985, in addition to the warranty deed that transferred title to the 6015 Strome Court Property to College Properties as discussed above, warranty deeds reflecting the transfer to College Properties of five additional condominiums in the Lochslee Condominium development, specifically unit numbers 6011, 6024, 6027, 6028, and 6032, were recorded in the Register's Office for Franklin County, Ohio.  True and correct copies of the deeds for these five properties are attached as Exhibits 35 through 38.

57. Also on August 29, 1985, an Open-End Mortgage in the amount of $510,000 was recorded in favor of the lender, Perpetual Federal Savings and Loan Association of Urbana, Ohio and against the borrower, College Properties. Ronald E. Scherer signed the mortgage as General Partner on behalf of College Properties. All six Lochslee Condominium Units were listed on Schedule A as security for the loan secured by the mortgage. A true and correct copy of the mortgage is attached as Exhibit 39.

58. During 1986 and 1987, three of the Lochslee Condominium units were sold. In 2004, two more of the units were sold. Ronald E. Scherer signed all five deeds on behalf of College Properties. True and correct copies of the deeds are attached as Exhibit 40.

59. The mortgage to Perpetual Federal Savings was marked satisfied on in December, 2004. A true and correct copy of the satisfaction is attached as Exhibit 41.

60. The one Lochslee Condominium unit that was not sold was the 6015 Strome Court Property.

**Credit Application Shows 6015 Strome Court was Ronald Scherer's Residence for 16 Years**

61. On a credit application that Ronald E. Scherer signed on April 30, 2005, he listed the Strome Court Property as his residence for sixteen years. A true and correct copy of the credit application is attached as Exhibit 42.

**Bills for Strome Court Property Paid from Comerica Account of Ronald Scherer**

62. Ronald E. Scherer had a Comerica Bank checking account ending with the numbers 3579. He, as well as Joyce Boening and David Thompson, who worked at businesses that he owned, were signatories on the account. A true and correct copy of the bank signature card for the account is attached as Exhibit 43.

63. Shortly after the IRS issued notice and demand for payment of the liabilities for 1990 through 1992 income taxes to Ronald Scherer in mid-December, 2005, substantial amounts of the funds in the account at Comerica Bank ending with numbers 3579 came from deposits of checks made payable to Ronald E. Scherer from his businesses during 2006. True and correct copies of checks payable to Ronald E. Scherer from his businesses, Northern News Company, National Realty, West Virginia Health Care, Inc., and National Sign and Signal Co., Inc. and deposit slips to the Ronald E. Scherer account ending with the numbers 3579 at Comerica Bank are attached as Exhibit 44.

64. During 2006, checks were issued from the Comerica Bank account ending with the numbers 3579 that were made payable to businesses owned by Ronald E. Scherer, including College Properties in the amounts of $4,000.00 and $7,000.00, Harbor Park Market in the amounts of $1,000.00 and $1,000.00, and National Realty Services, Inc. in the amount of $12,000.00. Checks written on that account reflected the name Ronald E. Scherer with a Battle Creek, Michigan address. Checks also were written on the account to pay landscaping expenses related to Ronald E. Scherer's condominium in Florida. A check also was written on the account to pay part of the costs of construction on the property at 1751 Valley Road, Harbor Park, Michigan. A check was written on that account payable to the Muirfield Village Golf Club in Dublin, Ohio in the amount of $8,529.33. The golf club is located in the same town that the Strome Court Property is located. True and correct copies of the checks are attached as Exhibit 45.

65. Homeowner association fees for the Strome Court Property were paid during 2006 by checks written on the account ending with the numbers 3579 at Comerica Bank A true and correct copy of three checks written on that account are attached as Exhibit 46.

19

66. American Electric Power Company (AEP) and Time Warner cable service bills for the Strome Court Property were paid during 2006 and 2007 on the account ending with the numbers 3579 at Comerica Bank.  A true and correct copy of bank statements showing the payments is attached as Exhibit 47.

**IRS Serves Levies on Ronald Scherer's Checking Account Ending 3579 and His Businesses**

67. On February 23, 2007, the IRS served a levy on the Comerica Bank account ending with numbers 3579 to collect unpaid taxes of Ronald E. Scherer.  By check dated March 30, 2007, Comerica paid $12,371 to the IRS in response to the levy.  On January 16, 2008, the IRS served another levy on Comerica Bank for Mr. Scherer's unpaid taxes.  The IRS received a response, stating that the account was closed on June 8, 2007.  True and correct copies of the IRS Notices of Levy and Comerica Bank's responses to them are attached as Exhibit 48.

68. From February 23, 2007, through January 16, 2008, the IRS served a number of levies to collect Ronald E. Scherer's unpaid taxes on businesses he owned, including National Sign & Signal, Inc., Maples Health Care, Inc., Maximum Inc., as well as banks where he and/or his businesses had accounts, including National City Bank, Comerica Bank, and Bank One Trust Company.  The IRS received the following responses to the levies:

| | |
|---|---|
| National Sign & Signal, Inc. | $1,751.77 |
| Maples Health Care, Inc. | $0.00 |
| Maximum Inc. | $0.00 |
| National City Bank | $0.00 |
| Comerica Bank | $12,371.00 |
| Bank One Trust Company | $50,658.42 |

20

True and correct copies of said IRS Notices of Levy and the responses to them are attached as Exhibits 50 through 59.  The IRS served levies on other entities for the same purpose.

**After an IRS Levy, Ronald Scherer Caused his**
**Personal and Businesses' Funds to be Deposited in**
**His Wife's Checking Account and Bills for the**
**Strome Court Property were Paid from it**

69. After the Ronald E. Scherer's account at Comerica Bank had been levied by the IRS and closed, Julie Kavanaugh Scherer, wife of Ronald E. Scherer, using an address of 1751 Valley Road, Harbor Springs, Michigan 49740, opened an account ending with the numbers 6798 at Bay Winds Bank.  The account was opened on or about July 11, 2007, with a $50 deposit.  Two days later, $75,000 was wired to the Bay Winds account from West Virginia Health Care, Inc., a business owned by Ronald E. Scherer.  During 2007 and 2008, additional funds were transferred to the Bay Winds account from businesses Ronald E. Scherer owned or with checks made payable to Ronald Scherer that he endorsed to Julie Scherer.  For instance, the following sixteen transactions show over $250,000 transferred to the Bay Winds account from businesses Ronald E. Scherer owned or with checks made payable to Ronald Scherer that he endorsed to Julie Scherer.

| Payor | Date of Check | Amount of Check |
|---|---|---|
| Intelligent Perimeter Systems, Inc.  (Check endorsed from Ronald Scherer to Julie Scherer) | 9/27/2007 | $24,675 |
| Northern News | 11/9/2007 | $50,000 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 12/20/2007 | $5,000 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 1/11/2008 | $10,000 |

| | | |
|---|---|---|
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 2/12/2008 | $10,000 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 2/15/2008 | $5,000 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 3/19/2008 | $23,000 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 4/17/2008 | $5,125 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 6/3/2008 | $10,000 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 7/8/2008 | $3,000 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 7/15,2008 | $50,000 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 7/17/2008 | $25,000 |
| AHMSI, Inc. (Check endorsed from Ronald Scherer to Julie Scherer | 8/12/2008 | $7,713.60 |
| Northern News | 8/15/2008 | $5,000 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 9/28/2008 | $18,650 |
| Fifth Third Bank Cashier's Check (paid for by Northern News) | 11/20/2008 | $3,000 |

True and correct copies of the above listed checks deposited into the Bay Winds account are attached as Exhibit 60.

70. After the Ronald E. Scherer's account at Comerica Bank ending with the numbers 3579 had been levied by the IRS and closed, some expenses relating to the Strome Court Property were paid from the account of Julie Kavanaugh Scherer ending with the numbers 6798

at Bay Winds Bank. True and correct copies of Fall, 2007 Bay Winds statements for the account ending with the numbers 6798, showing payments of electric power and cable service bills for the Strome Court property are attached as Exhibit 63. True and correct copies of checks written on said account and payable to Lochslee Condominium Association for homeowner association dues during October, 2007, through November, 2008, are attached as Exhibit 62. The checks used to pay homeowner association dues reflect Julie Kavanaugh Scherer's address as 1751 Valley Road, Harbor Springs, Michigan 49740.

71. The American Electric Power Company (AEP) account for the Strome Court Property was in the name of College Properties in 2008 and in 2009. Payments on that electric utility account were made in 2008 and in 2009 on the account of Julie Kavanaugh Scherer, which ended with the numbers 6798, at Bay Winds Bank. A true and correct copy of four AEP account statements issued for July, 2008, through January, 2009, for service provided to the Strome Court Property are attached as Exhibit 61.

72. AEP bills for the Strome Court Property for November, 2011, through February, 2012, were addressed to College Properties at the Strome Court Property address. True and correct copies of AEP account statements for November, 2011, through February, 2012 are attached as Exhibit 64.

73. During 2012, Julie Kavanaugh Scherer represented the Strome Court Property to be her residence on her Ohio driver's license. A true and correct copy of her license is attached as Exhibit 65.

74. During 2011 and 2012, the Time Warner Cable account for the Strome Court Property was in the name of Ronald Scherer. True and correct copies of Time Warner Cable bills reflecting such information are attached as Exhibit 66.

**Funds in His Wife's Bay Winds Account during 2007 and 2008 also were used to Pay
Ronald Scherer, his Businesses, His Loan, and Expenses for his Florida Condominium**

75. Funds in Julie Kavanaugh Scherer's Bay Winds account also were used during 2007 to make payments to businesses owned by Ronald E. Scherer, including Harbor Park Mini-Warehouse ($14,000) and Harbor Park Market ($2,000) to provide cash to Ronald E. Scherer, who sometimes was referred to as "RES" as shown on the memo line of the check, and to the homeowner association (LionsPaw Grand HOA) for a condominium that Ronald E. Scherer owned in Florida.  The checks reflect her address as 1751 Valley Road, Harbor Springs, Michigan 49740.  True and correct copies of four checks written on the Bay Winds account made payable as described above are attached as Exhibit 67 at US000621- US000624.

76. Funds in Julie Kavanaugh Scherer's Bay Winds account also were used during 2007 to make payments for landscaping at Ronald E. Scherer's Florida condominium ($485.00) and to College Properties ($10,000.00).  The checks reflect her address as 1751 Valley Road, Harbor Springs, Michigan 49740.  True and correct copies of the checks written on the Bay Winds account made payable as described above are attached as Exhibit 67 at US000625- US000626.

77. During July through November, 2007, four "Speedpay" checks that reflected the name and address "Ronald Scherer, 6015 Strome Court, Dublin, Ohio 43017-8417" were written on the Bay Winds account ending with the number 6798.  The checks were payable to the Huntington National Bank for a loan.  True and correct copies of the checks are attached as Exhibit 67 at US00062 7- US000630.

78. During August and October of 2007, and February, 2008, bills for natural gas service supplied by TECO for the condominium that Ronald E. Scherer owns at 35 Lionspaw Grand, Daytona Beach, Florida 32124 were paid from funds in the Bay Winds account ending with the number 6798.  See True and correct copies of statements of the Bay Winds account for August

24

and October, 2007, and February, 2008, attached as Exhibit 68 at US000631 and Exhibit 69.

Bills issued by TECO during 2011 and 2012 for service supplied at the condominium reflect the

obligor as Ronald E. Scherer with an address of 6015 Strome Court, Dublin, Ohio 43017-8417.

True and correct copies of December, 2011, and January and February, 2012 TECO statements

for the condominium are attached as Exhibit 70.  Similarly, during 2011, a bill for lawn and

shrub service at the condominium that Ronald E. Scherer owns at 35 Lionspaw Grand, Daytona

Beach, Florida 32124 was issued that reflects that the bill was sent to Ronald E. Scherer at 6015

Strome Court, Dublin, Ohio 43017-8417.  A true and correct copy of the bill is attached as

Exhibit 71.

**Funds in Bank Account of Ronald Scherer's Health Care Business**
**Used to Pay Real Property Taxes for Strome Court Property**

79. On October 30, 2011, a check in the amount of $11,183.02 written on the National

City Bank account of West Virginia Healthcare, Inc., a company owned by Ronald E. Scherer,

was paid to PNC Bank for a Cashier's Check.  A true and correct copy of the check is attached as

Exhibit 72.

80. On October 31, 2011, PNC issued a cashier's check in the amount of $11,173.02

payable to the Franklin County Treasurer covering the real property taxes relating to the Strome

Court Property.   A true and correct copy of the check is attached as Exhibit 72.

**After IRS Levies on Bank Accounts of Ronald Scherer and His Businesses,**
**His Businesses Transferred Funds to a Bank Account of College Properties, Ltd., and**
**Payments were made from that Account to Law Firms Providing Services to Ronald E.**
**Scherer, and for Real Property Taxes and Condo Fees for the Strome Court Property**

81. After the IRS served levies on a bank where he owned an account and on some of his

businesses, Ronald E. Scherer also caused funds from his businesses to be transferred to a bank

account in the name of College Properties.

82. College Properties, Ltd. had a bank account at National City Bank (NCB) with an account number having the last four digits 9381. True and correct copies of the bank signature card and statements for the account for the period December 30, 2006, through March 31, 2011, are attached as Exhibit 73.

83. Ronald E. Scherer was one of the authorized signatories on the College Properties, Ltd. account at NCB. Joyce Boening, David Thompson, and Pamela Bobson also were authorized signatories on the account. True and correct copies of the bank signature card for the account are attached as Exhibit 73 at US000652.

84. From December 30, 2006, through June 29, 2007, the balance in College Properties, Ltd.'s NCB account was less than $60. Exhibit 73 at US000652 through US000680.

85. On July 7, 2007, The Maples Health Care, Inc., a business owned by Ronald E. Scherer, made a wire transfer of $20,000 into the College Properties, Ltd. account at NCB. A true and correct copy of the account statement and transaction record for the period June 30, 2007, through July 31, 2007, showing the wire transfer are attached as Exhibit 73 at US000676 through US000682.

86. Two days later, on July 9, 2007, a check was written on the College Properties, Ltd. account at NCB payable to Connelly, Jackson & Collier, L.L.P., a Ohio law firm, in the amount of $20,000. The memo line states: "For: Ron, Patti + Amie." A true and correct copy of the check is attached as Exhibit 73 at US000683.

87. On August 24, 2007, a check in the amount of $10,000 written on the Julie Scherer account at Bay Winds Bank ending with the last four digits 6798 was deposited in the College Properties, Ltd. account at NCB. A true and correct copy of the check and the August, 2007 statement from NCB reflecting its deposit are attached as Exhibit 73 at US000683-US000688.

26

88. Also on August 24, 2007, a check was written on the College Properties, Ltd. account at NCB in the amount of $10,000 made payable to Reginal S. Jackson of the Connolly, Jackson & Collier LLP law firm. A true and correct copy of the check and the September, 2007 statement from NCB showing its payment are attached as Exhibit 73 at US000689-US000692.

89. On November 7, 2007, a check in the amount of $20,000 made payable to College Properties, Ltd. was written on the account at Fifth Third Bank of National Sign and Signal Co., Inc., a business owned by Ronald E. Scherer. On or about said date, it was deposited in the College Properties, Ltd. account at NCB. A true and correct copy of the check and the November, 2007 statement from NCB reflecting its deposit are attached as Exhibit 73 at US000699-US000703.

90. Also on November 7, 2007, a check was written on the College Properties, Ltd. account at NCB in the amount of $20,000 made payable to Reginal S. Jackson of the Connolly, Jackson & Collier LLP law firm. Ronald E. Scherer signed the check. A true and correct copy of the check and the November, 2007 statement from NCB showing its payment are attached as Exhibit 73 at US000699-US000704..

91. On March 19, 2008, a cashier's check was issued by Fifth Third Bank in the amount of $10,000 made payable to College Properties, Ltd.. On or about said date, it was deposited in the College Properties, Ltd. account at NCB. A true and correct copy of the check and the March, 2008 statement from NCB reflecting its deposit are attached as Exhibit 73 at US000715-US000720.

92. Also on March 19, 2008, a check was written on the College Properties, Ltd. account at NCB in the amount of $10,000 made payable to Reginal S. Jackson of the Connolly, Jackson

& Collier LLP law firm. A true and correct copy of the check and the March, 2008 statement from NCB showing its payment are attached as Exhibit 73 at US000715-US000720.

93. On December 7, 2009, a check in the amount of $20,000 made payable to College Properties, Ltd. was written on the account at Fifth Third Bank of National Sign and Signal Co., Inc., a business owned by Ronald E. Scherer. On or about said date, it was deposited in the College Properties, Ltd. account at NCB. A true and correct copy of the check and the December, 2009 statement from NCB reflecting its deposit are attached as Exhibit 73 at US000747-US000750.

94. On December 23, 2009, a withdrawal was made on the College Properties, Ltd. account at NCB in the amount of $19,624.94. A true and correct copy of the withdrawal slip and the December, 2009 statement from NCB showing its payment are attached as A true and correct copy of the check and the December, 2009 statement from NCB reflecting its deposit are attached as Exhibit 73 at US000747-US000750.

95. On January 5, 2010, a check in the amount of $26,000 made payable to College Properties, Ltd. was written on the account at Fifth Third Bank of National Sign and Signal Co., Inc. On or about said date, it was deposited in the College Properties, Ltd. account at NCB. A true and correct copy of the check and the January, 2010 statement from NCB reflecting its deposit are attached as Exhibit 73 at US000751-US000755.

96. On January 15, 2010, a check was written on the College Properties, Ltd. account at NCB in the amount of $26,017.01 made payable to National City Bank. The memo line of the check states "Taxes." A true and correct copy of the College Properties, Ltd. check, and the January, 2010 statement from NCB showing its payment, specifically in the statement for the period January 1, 2010, through January 31, 2010, are attached as Exhibit 73 at US000751-

28

US000755.  On the same date, an Official Check of National City Bank, check no. 100822418, was made payable to the Franklin County Treasurer Edward Leonard in the amount of $26,017.01.  The memo line of that check states "College Properties 273-001815-00, which is the parcel number for the Strome Court Property.  The Official Check was used to pay real property taxes for the Strome Court Property.  A true and correct copy of the Official Check of NCB in the amount of $26,017.01 is attached as Exhibit 74.

97. On April 6, 2010, a wire deposit in the amount of $6,000.00 was made into the College Properties, Ltd. account at NCB.  A true and correct copy of the April, 2010 statement from NCB showing its payment is attached as Exhibit 73 at US000762.

98. On April 14, 2010, a check was written on the College Properties, Ltd. account at NCB in the amount of $500.00 made payable to Julie Scherer.  A true and correct copy of the check and the April, 2010 statement from NCB showing its payment are attached as Exhibit 73 at US000761-US000764.

99. On April 15, 2010, a check was written on the College Properties, Ltd. account at NCB in the amount of $5,680.22 made payable to Lochslee Condo Association.  A true and correct copy of the check and the April, 2010 statement from NCB showing its payment are attached as Exhibit 73 at US000761-US000764.

**College Properties, Ltd.. Form 1065 U.S. Partnership Tax Returns**

100. Ronald E. Scherer signed the 2004 Form 1065 U.S. Partnership return for College Properties, Ltd..  Ronald E. Scherer is listed as the designated Tax Matters Partner on the return.  His address is listed 35 Lions Paw Grand, Daytona Beach, Florida 32124.  A true and correct copy of the return is attached as Exhibit 75.

101. As Trustee of the Scherer Family Irrevocable Trust, David Thompson signed the 2005 Form 1065 U.S. Partnership return for College Properties, Ltd.. On the Schedule K-1 attached to the return, Ronald E. Scherer is listed as the General Partner or LLC member-manager. His address is listed 35 Lions Paw Grand, Daytona Beach, Florida 32124. A true and correct copy of the return is attached as Exhibit 76.

102. Ronald E. Scherer signed the 2007 Form 1065 U.S. Partnership return for College Properties, Ltd.. His address is listed 35 Lions Paw Grand, Daytona Beach, Florida 32124. A true and correct copy of the return is attached as Exhibit 77.

103. On the Form 1065 U.S. Partnership returns filed for College Properties, Ltd.. for the years 2008, 2009, and 2010, the Strome Court Property and the residence at 1751 Valley Road, Harbor Springs, Michigan 49740 were listed as rental properties that it owned and leased. Depreciation and other deductions, as well as passive losses, were claimed with respect to those properties. True and correct copies of the returns are attached as Exhibits 78 through 80.

104. Documents discussed above and attached as exhibits to this Complaint show that during 2008 through 2010, as well as before and after those years, the Strome Court Property, as well as the residence at 1751 Valley Road, Harbor Springs, Michigan 49740, were used, and held out to others, as residences of Ronald E. Scherer, not rental properties. For instance, on a mortgage loan application he signed in February, 2005, Ronald E. Scherer's primary residence is reflected as 35 Lions Paw Grand, Daytona Beach, Florida 32124, and a residence at 1751 Valley Road, Harbor Springs, Michigan is listed as his second home. In a credit application that he submitted in April, 2005, Ronald E. Scherer listed the Strome Court Property as his residence for sixteen years. During July through November, 2007, four "Speedpay" checks that reflected the name and address "Ronald Scherer, 6015 Strome Court, Dublin, Ohio 43017-8417" were written

30

on the Bay Winds account ending with the number 6798.  During 2007 and 2008, bills for

natural gas and landscaping services performed at his Daytona Beach, Florida condominium

were sent to Ronald E. Scherer at the Strome Court Property address.  In October, 2009, Florida

issued a driver license to Ronald E. Scherer that reflected his address as 1751 Valley Road,

Harbor Springs, Michigan.  In addition, in 2007, Ronald E. Scherer's wife, Julie opened an

account at Bay Winds Bank listing as her address 1751 Valley Road, Harbor Springs, Michigan.

And, during 2012, his wife represented the Strome Court Property to be her residence on her

Ohio driver's license and her voter registration.  Ronald E. Scherer received a distributive share

of a loss reported by College Properties, Ltd. based on deductions that it claimed on its

partnership returns for expenses incurred with respect to real property that it treated and reported

as rental property but that Ronald E. Scherer used and held out to others as his personal

residences.

## COUNT ONE
### (Judgment for the amount assessed)

105. The United States hereby incorporates the allegations set forth in paragraphs

numbered 1 through 104 as if specifically re-alleged herein.

106. Ronald Scherer failed, neglected, or refused to pay the amount of the assessed

liabilities for income taxes for 1990, 1991, and 1992 in full, and after the application of all

abatements, payments and credits, he remains indebted to the United States of America, as of

August 26, 2013, for unpaid assessed federal income taxes and interest for those years in the total

amount of $4,778,133.53, plus such additional amounts as may have accrued from August 26,

2013, and as may continue to accrue as provided by law.  True and correct copies of IRS

Account Transcripts for Ronald E. Scherer for 1990, 1991, and 1992 are attached as Exhibits 4,5,

and 6.

107. Ronald Scherer failed, neglected, or refused to pay the amount of the assessed liabilities for trust fund recovery penalties listed above in full, and after the application of all abatements, payments and credits, he remains indebted for them to the United States of America, as of August 26, 2013, in the total amount of $41,563.09, plus statutory interest from August 26, 2013, until the liability is paid. True and correct copies of IRS Account Transcripts for Ronald E. Scherer for said trust fund recovery penalty assessments are attached as Exhibits 7 through 13.

### COUNT TWO
#### (Enforcement of the Liens of the United States)

108. The United States hereby incorporates the allegations set forth in paragraphs numbered 1 through 107 as if specifically realleged herein.

109 Upon the assessments of tax and related statutory amounts and issuance of notice and demand for payment of the same, a lien in favor of the United States, pursuant to 26 U.S.C. section 6321 and 6322, arose against all of the property and rights to property of the defendant Ronald Scherer in an amount equal to the unpaid assessed liabilities, plus interest and other accruals permitted by law.

110. On July 23, 2007, the IRS recorded a Notice of Federal Tax Lien against Ronald Scherer with the Recorder's Office in Franklin County, Ohio, for his unpaid federal income taxes for 1990, 1991, 1992, and for a trust fund recovery penalty for the Second Quarter of 2004. A true and correct copy of the Notice of Federal Tax Lien is attached as Exhibit 81.

111. On May 30, 2008, the IRS recorded a Notice of Federal Tax Lien against National City Bank, Trustee of Ronald E. Scherer Restatement of Trust, as nominee/alter ego of Ronald E. Scherer with the Recorder's Office in Franklin County, Ohio, for his unpaid federal income taxes for 1990, 1991, 1992, and for a trust fund recovery penalty for the Second Quarter of 2004 that

attaches specifically to the Lowestone Road Property.  A true and correct copy of the Notice of Federal Tax Lien is attached as Exhibit 81.

112. On October 23, 2012, the IRS filed a Notice of Federal Tax Lien against College Properties Limited Partnership , as alter ego of Ronald E. Scherer with the Recorder's Office in Franklin County, Ohio, for his unpaid federal income taxes for 1990, 1991, 1992, and for trust fund recovery penalties for the Second Quarter of 2006, the Fourth Quarter of 2006, the Second Quarter of 2008, the Third Quarter of 2008, the Fourth Quarter of 2008, the First Quarter of 2009, and the Third Quarter of 2009 that attaches specifically to the Strome Court Property.  A true and correct copy of the Notice of Federal Tax Lien is attached as Exhibit 81.

## COUNT THREE
### (Alter Ego)

113. The United States hereby incorporates the allegations set forth in paragraphs 1 through 112 as if specifically realleged herein.

**Ronald E. Scherer Restatement of Trust**

114. Ronald Scherer has authority, and near total control, over the management and operations of the Ronald E. Scherer Restatement of Trust.  Under the terms of the trust, he has the authority to direct distributions of its income and principal.  He has the right to possess, use, consume, and in all manner enjoy any personal property of the trust.  He has the power to amend or revoke the trust.  If he revokes the trust, all of its property will convey to him, except to the extent it is needed to pay liabilities or expenses of its administration.  He is the investment advisor of the trust.  In that capacity, he alone may direct its investment in assets or the sale of them.  It is a grantor trust, and all of its income is taxable to him.  He is the primary beneficiary of the trust.

115. Mr. Scherer retains so much control over the trust and its assets, including the power to revoke it and take back all its income and assets, that, in substance, it is a sham.

116. Ronald Scherer exercised dominant control over bank transactions for the Ronald E. Scherer Restatement Trust through the time of filing this action. He commingled its funds with his own in his bank accounts. NCB statements for the Trust were sent to Ronald E. Scherer. During September, 2000, through April, 2004, Ronald Scherer sent letters to NCB, directing withdrawals totaling over $1.5 million dollars from the Trust's account and wire transfers of those withdrawn funds, in part, to his personal checking account having the last four digits 3195 and, in part, to his personal checking account at Comerica Bank having the last four digits 3579. Ronald Scherer was an authorized signatory on the Comerica Bank account. Associates of Mr. Scherer, Joyce Boening and David Thompson, also were authorized signatories on the Comerica Bank account. In a bona fide trust, the grantor and/or beneficiary would not be able to direct such substantial amounts of the trust's cash assets to be withdrawn and transferred to his personal checking accounts. Mr. Scherer treated the Trust's assets as his own.

117. Ronald Scherer used funds of the Trust to pay his personal expenses and his businesses' expenses. Once the cash of the Trust was transferred to his checking accounts, he transferred cash from his accounts to checking accounts of his wife and of his businesses that in turn was used to pay his personal expenses, expenses of his businesses, and expenses for the Strome Court property. He used his personal and business checking accounts, the Trust checking account, and his wife's checking account as shells in a shell game in which he hid his funds from collection by the IRS.

118. Ronald Scherer used the funds of one of his businesses to pay expenses of the Trust thereby commingling his business's assets with those of the Trust. Responding to letters that an

officer of NCB sent to Ronald Scherer, Ms. Boening, and/or Mr. Thompson in 2005 and 2006, providing notice that there were insufficient funds in the Trust bank account to pay existing or anticipated liabilities of the trust, including real estate taxes and bank fees, and making a request for deposit therein of additional funds, Ronald Scherer and his associates sent checks to NCB to be deposited in the Trust's account that were written on the checking account of Maximum, Inc., a company owned by Mr. Scherer.  The letters from the bank also indicate that the Trust had insufficient cash flow and cash assets for its operations and that any cash flow that it may have had was diverted to Ronald Scherer.  They further indicate that the trustee, NCB, had no actual authority of its own to manage or direct the Trust; rather, representatives of NCB asked for instructions, and took orders, from Mr. Scherer.

119. Ronald Scherer exercised such dominant control of the Trust that it functioned as a mere instrumentality of him, having no genuine separate and independent existence.

120. Ronald Scherer exercised so much control over the Ronald E. Scherer Restatement of Trust and personal use of its assets that, in substance, it was a mere extension of him.

121. The federal tax liens for the tax liabilities assessed against Ronald Scherer attached to the Lowestone Road property and/or to the The Ronald E. Scherer Restatement Trust at the time they arose because The Ronald E. Scherer Restatement Trust is the alter ego of Ronald Scherer.

**College Properties Limited Partnership**

122. Ronald Scherer had substantial authority within, and control of, College Properties because he is the general partner and the limited partners were family members.  The limited partners are his former wife Marsha Jo Scherer (she was his wife at the time College Properties was formed) and the Scherer Family Irrevocable Trust.  The trustee for the Scherer Family

Irrevocable Trust is his associate David Thompson.  Ronald Scherer had substantial power as general partner.  He could deny an assignment of an existing limited partner's interest.  Also, he alone had the authority to determine any distributions of cash other than as a result of the termination of the partnership.

123. Ronald Scherer transferred the 1751 Valley Road property to College Properties for inadequate consideration.

124. After transferring the 1751 Valley Road property to College Properties, Ronald Scherer continued to treat and use it, and represent it to others, as his own.

125. After transferring the 1751 Valley Road property to College Properties, electric service for the property remained in the name of Ronald Scherer, and payments for it were made by his associate.

126. Ronald Scherer listed the 1751 Valley Road property on a credit application as his second residence.  He listed it as his address on his Florida driver license.

127. Ronald Scherer used the 1751 Valley Road property as collateral to secure loans for his health care businesses that he personally guaranteed.

128. On the deed by which College Properties transferred the 1751 Valley Road property to Corporate Settlement Solutions, the address for College Properties was listed as 6015 Strome Court, the address Ronald Scherer's current wife, Julie Kavanaugh Scherer, listed on her Ohio license.

129. Ronald Scherer exercised control of important business decisions of College Properties.  For instance, before Ronald Scherer transferred the 1751 Valley Road property to College Properties, it acquired title to six condominiums in a complex in Dublin, Ohio, including

the Strome Court property.  All of the condominiums except the Strome Court property were
sold, and Ronald Scherer signed all of the deeds on behalf of College Properties.

130. Ronald Scherer treated and used the Strome Court property, and represented it to
others, as his own.  He listed it as his residence for sixteen years on a credit application.

131. Ronald Scherer used his personal funds to pay expenses of College Properties, as
well as to pay some of his other businesses.  For instance, Ronald Scherer made payments from
his checking account ending with the number 3579 to College Properties, for expenses for the
Strome Court property, including homeowner association fees, electric power service, and cable
television service, as well as to some of his businesses.

132. After the IRS served levies on Ronald Scherer's checking account ending with the
number 3579 and on some of his businesses to collect his income tax liabilities, he closed that
account and caused his personal and businesses' funds to be deposited into his wife's checking
account at Bay Winds Bank from which payments were made for College Properties.  For
instance, expenses for the Strome Court property, including homeowner association fees, electric
power service, and cable television service, were paid from his wife's Bay Winds account during
2007 through 2009.  Checks written on the Bay Winds account reflect his wife, Julie Kavanaugh
Scherer, with an address at 1751 Valley Road, Harbor Springs, Michigan 49740.

133. Ronald Scherer's wife's Bay Winds account was used to make payments to, and for
the benefit of, Ronald Scherer and his businesses.  For example, checks were written on the Bay
Winds account that were made payable to Ronald Scherer, his businesses, and to the homeowner
association and a landscaper for his Florida condominium during 2007.  Bills for the landscaping
services were addressed to Ronald Scherer at the Strome Court address during 2011.  Checks
also were written on the Bay Winds account that were made payable for natural gas service for

37

Ronald Scherer's Florida condominium during 2007 and 2008.  The bills for that service were addressed to Ronald Scherer at the Strome Court address during 2011 and 2012.  Additional checks were written on the Bay Winds account that were made payable to College Properties during 2007.

134. Four "Speedpay" checks that reflected the name and address "Ronald Scherer, 6015 Strome Court, Dublin, Ohio 43017-8417" were written on the Bay Winds account and made payable to the Huntington National Bank in repayment of a loan during July through November, 2007.

135. College Properties used the Strome Court address, but Ronald Scherer and his wife also represented that address to others as their personal address.  For instance, during 2011 and 2012, bills for electric power were sent to College Properties at the Strome Court address.  On a credit application, Ronald Scherer represented the Strome Court address as his personal residence for sixteen years.  During 2012, Ronald Scherer's wife, Julie Kavanaugh Scherer, used the Strome Court address for her Ohio driver's license.

136. Bills for the Strome Court property were sent to Ronald Scherer instead of College Properties.  For instance, during 2011 and 2012, the account for the Time Warner cable television service for the Strome Court property was in the name of Ronald Scherer, and bills were sent to him at the Strome Court address.

137. Ronald Scherer used funds of one of his businesses to pay real property taxes owed by College Properties.  For instance, funds in a bank account of one of Ronald Scherer's healthcare businesses were used to pay real property taxes for the Strome Court property in 2011.

138. After the IRS served levies on bank accounts of Ronald Scherer and some of his businesses, he and his businesses transferred funds to a bank account of College Properties, and

payments then were made from that account to law firms providing services to Ronald Scherer and for real property taxes and homeowner association fees for the Strome Court property.

139. Partnership tax returns for College Properties show that Ronald Scherer had great authority within the partnership and that the partnership reported certain real property as rental property that he and his wife treated as personal residences. On the Form 1065 U.S. Partnership Return for College Properties for 2004 and 2007, Ronald Scherer signed as the tax matters partner with the address for his Florida condominium. On other Form 1065 returns for College Properties, David Thompson signed as Trustee for the limited partner, Scherer Family Irrevocable Trust. Ronald Scherer is listed as the general partner for College Properties on those returns. On the 2008 through 2010 Forms 1065 for College Properties, the Strome Court and 1751 Valley Road properties are listed as rental properties and depreciation deductions are claimed for them. But Ronald Scherer and his wife listed and represented those properties as their personal addresses on other documents.

140. Ronald Scherer treated the real property of College Properties as his own when it suited his purposes such as when he reflected it as his personal residence for sixteen years on a credit application.

141. College Properties did not observe corporate formalities because it allowed Ronald Scherer and his wife to use the Strome Court property as their own residence instead of as a genuine rental property leased to a third party. The bills for the expenses of the property were not all sent to College Properties, but instead some were sent to Ronald Scherer. Many of the expenses of College Properties were paid for with funds of Ronald Scherer and his businesses.

142. Ronald Scherer used College Properties in his movement of his funds and of his businesses into an account held in the name of Julie Kavanaugh Scherer to hide them from

collection by the IRS, and the issuance of checks from his wife's account to make payments to himself, his businesses, including College Properties, and for his personal expenses.

143. Ronald Scherer used real property of College Properties as collateral for loans for his healthcare businesses that he personally guaranteed.

144. College Properties functioned as a mere façade for the operations of Ronald Scherer.

145.  Ronald Scherer exercised such dominant control over College Properties that it functioned as his mere instrumentality.

146. Ronald Scherer had a close personal relationship with the limited partners of College Properties, and a close business relationship with the trustee of one of the limited partners.

147. Ronald Scherer transferred real property to College Properties for inadequate consideration.

148. Ronald Scherer effectively was able to control College Properties without the need to consult or obtain the approval of others.

149. Ronald Scherer mingled his personal affairs in the affairs of College Properties.

150. Ronald Scherer used his personal and his business's funds to pay the obligations of College Properties.

151. Financial and tax matters of College Properties were not handled as an independent, bona fide entity would handle them.

152. Because of Ronald Scherer's clear, systematic abuse of the entity form, College Properties was not a bona fide entity, at least for federal tax collection purposes.  In substance, College Properties is the alter ego of Ronald Scherer.

153. The federal tax liens for the tax liabilities at issue in this case attached to the Strome Court property and/or to Ronald Scherer's interest in College Properties, Ltd. at the time they arose because College Properties, Ltd. is the alter ego of Ronald Scherer.

WHEREFORE, the United States of America respectfully requests:

A. That the United States be granted judgment against defendant Ronald E. Scherer for unpaid income taxes for the years 1990, 1991, and 1992 in the total amount of $4,778,133.53, plus interest and other accruals as allowed by law from August 26, 2013;

B. That the United States be granted judgment against defendant Ronald E. Scherer for unpaid trust fund recovery penalty assessments for the periods 2nd Quarter of 2006, 4th Quarter of 2006, 2nd Quarter of 2008, 3rd Quarter of 2008, 4th Quarter of 2008, 1st Quarter of 2009, and 3rd Quarter of 2009, in the total amount of $41,563.09, plus interest and other accruals as allowed by law from August 26, 2013;

C. That the Court hold that the government has valid and subsisting liens under 26 U.S.C. section 6321 upon all property and interests in property of Ronald E. Scherer and on any accruals on said assets;

D. That the Court hold that the Ronald E. Scherer Restatement of Trust and College Properties, Ltd. are alter egos of Ronald Scherer, and therefore, at the time the federal tax liens arose for the tax liabilities at issue in this case they attached to the Lowestone Road Property and to the Strome Court Property and/or to Ronald Scherer's interest in the Ronald E. Scherer Restatement of Trust and College Properties, Ltd.

E. That the Court order that the federal tax liens for the liabilities of the defendant Ronald E. Scherer that attached to the Lowestone Road Property and to the Strome Court  Property and/or to his interest in the Ronald E. Scherer Restatement of Trust and College Properties, Ltd.

41

be enforced, and that, under 26 U.S.C. §7403(c), said properties or interests may be sold in a judicial sale free and clear of the interest and claims of the defendants in this action in, or against, those properties or entities, including, without limitation, any right of redemption, with the net proceeds of the sale, after the satisfaction of the direct costs of sale, to be distributed to such parties in such amounts as this Court determines; and

F. That the Court grant the United States its costs, attorney's fees, and such other and further relief as the Court deems just and proper.

KATHRYN KENEALLY
Assistant Attorney General


 */s/ Alan Shapiro*
ALAN SHAPIRO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C.  20044
Telephone:  (202) 307-5839
Telephone Facsimile: (202) 514-5238
E-Mail: alan.m.shapiro@usdoj.gov