# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:14-CV-0452 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| RONALD E. SCHERER, *et al.*, : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter is before the Court on the following motions: (1) the United States' Motion to Revise the Magistrate Judge's Order granting Leave to File Amended Answers, and to strike certain pleadings of Defendant Ronald Scherer (Doc. 97); (2) the United States' Objection to Part of the Magistrate Judge's Order granting the United States' motion for entry of default against Defendant Ronald E. Scherer Restatement of Trust, PNC Bank Trustee (Doc. 112); and (3) the United States' Request for Entry of Default Judgment by District Judge. (Doc. 113.)

For the reasons that follow, the United States' Motion to Revise the Magistrate Judge's Order is **GRANTED in part** and **MOOT in part**; the United States' Objection to Part of the Magistrate Judge's Order at Docket Entry 109 is **SUSTAINED**; and the United States' Request for Entry of Default Judgment is **GRANTED**.

## I. BACKGROUND

The United States brought this tax collection case against several Defendants, including Ronald E. Scherer ("Scherer") and the Ronald E. Scherer Restatement of Trust, PNC Bank (as successor to National City Bank) Trustee ("the Trust"), on May 15, 2014. (Compl., Doc. 1.) The United States sought to obtain a money judgment against Scherer for unpaid income taxes

1

and trust fund recovery penalties.  (*Id.* at 1.)  Further, the United States sought to "enforce the liens of the United States upon the property and rights to property of Ronald Scherer and/or of alter egos of Ronald Scherer in the real property known as 4425-4427 Lowestone Road, Columbus, Ohio 43220" (the "Lowestone Road Property").  (*Id.* at 1-2.)  Specifically, in Count III of the complaint, the United States sought a judgment that the Trust is the alter ego of Ronald Scherer and, therefore, that the federal tax liens for tax liabilities assessed against Scherer attached to the Lowestone Road Property.  (*Id.* at 35.)

      The relevant factual allegations in the complaint are as follows.  Scherer is the primary beneficiary of the Trust.  (*Id.* at ¶ 24.)  He has the authority to direct distributions of income and principal from the Trust, to use personal property of the Trust, and to amend or revoke the Trust, at which point the property of the Trust would be conveyed to him.  (*Id.* at ¶¶ 25-27.)  Tax returns of the Trust show that its income was taxable to Scherer.  (*Id.* at ¶ 29.)  The Trust holds title to the Lowestone Road Property.  (Doc. 5-14).  Scherer controlled the Trust's bank account and directed that hundreds of thousands of dollars in its account be transferred to two of his personal accounts.  (Doc. 1 at ¶¶ 30-32.)  Funds from his business, Maximum, Inc., were deposited in the Trust's bank account after the Trustee warned in a letter that the balance in the Trust's account was too low.  (*Id.* at ¶ 38.)  The United States attached to the complaint various tax returns, bank statements, checks, and deposit slips in support of these factual allegations.  (*See* Doc. 5.)

      Counsel for Scherer and other Defendants filed an answer to the complaint, and Scherer filed a counterclaim against the United States, which he subsequently amended to a two-count counterclaim for declaratory judgment and damages under the Federal Tort Claims Act, 28 U.S.C. § 2672 *et seq.*  (Doc. 34.)  Because the Trust failed to file an answer on its own behalf,

the United States asked the Clerk to enter default against the Trust. (Doc. 28.)  The Clerk did not enter default, however, because in the answer purportedly filed by all Defendants, Scherer claimed to represent the Trust as the real party in interest.  Therefore, at the Magistrate Judge's suggestion, the United States filed a separate motion for an order to enter default against the Trust.  (Doc. 35.)  The United States also submitted a declaration from a vice president of PNC Bank stating that the bank is the Trustee of the Trust, had decided not to file a response to the complaint, and understood that default judgment may be entered against it.  (Doc. 35-1 at 1-2.)  Defendant Scherer opposed the motion, claiming that he was the real party in interest to the Trust and that because the Trustee would not file a response to the complaint, he should be permitted to do so on behalf of the Trust.  (Doc. 49.)

Meanwhile, on February 19, 2015, the Magistrate Judge issued an order granting what he characterized as unopposed motions of all Defendants for leave to file amended answers to the complaint and of Plaintiff to file a sur-reply to Defendants' reply in support of their motion for leave to file amended answers.  (Doc. 80.)  On April 17, 2015, the United States filed a motion asking the Court to:  (1) revise its order granting Defendants leave to file amended answers to the complaint as to Defendant Ronald E. Scherer Restatement of Trust, PNC Bank Trustee; (2) strike the amended answer that was purportedly filed for PNC Bank Trustee (Doc. 86); (3) strike, in part, the portion of the answer to the complaint that purports to be filed for PNC Bank Trustee (Doc. 16); and (4) strike all other pleadings that Scherer's counsel purported to file and/or serve for PNC Bank Trustee.  (Doc. 97.)  Defendant Scherer, "on his behalf and as the real party in interest to the Ronald E. Scherer Restatement of Trust" opposes the motion.  (Doc. 105 at 1.)

On September 4, 2015, the Magistrate Judge entered an order (Doc. 109) striking the portion of Defendants' answer to Plaintiff's complaint that was purportedly filed on behalf of the

Trustee and directing the Clerk to enter default of the Trust. (Doc. 109.) The Clerk did so (Doc. 110), and on September 15, 2015, the United States objected to the Magistrate Judge's Order and also filed a Motion for Default Judgment. (Docs. 112, 113.) Defendant Ronald Scherer responded to both the objection and the motion, and the United States subsequently filed several motions for extension of time to file its replies, which the Magistrate Judge granted, because the parties were in the midst of settlement negotiations. The parties were ultimately unable to reach a settlement, and the United States filed its replies in both matters on March 11, 2016. (Doc. 140.)

Shortly after the Magistrate Judge's order striking portions of Defendants' answer and granting the motion to enter default, this Court also issued an omnibus order that, among other things, granted Plaintiff's motion to dismiss Scherer's amended counterclaims. (Doc. 111.)

## II.   ANALYSIS

### A. Motion to Revise and Strike

In its motion to revise and strike, the United States asks the Court to rule on its motion for default judgment against the Trust and thereafter to revise the Magistrate Judge's order that granted leave for the Trust to file an amended answer. (Doc. 97.) Since the completion of briefing on this motion, the Magistrate Judge has entered default against the Trust and stricken the portion of the answer purportedly filed on the Trust's behalf. (Doc. 109.) In that order, the Magistrate Judge found that Scherer, as a beneficiary, did not have legal authority to retain counsel on behalf of the Trust, and the Magistrate Judge granted the motion to enter default. (*Id.* at 4.) Since the Magistrate Judge further found that the answer was improperly filed on behalf of PNC by Scherer's counsel, he ordered that portion of the answer to be stricken. (*Id.*)

4

Because the Magistrate Judge has already stricken that portion of the answer (Doc. 16), the United States' Motion to Strike in Part the Answer (Doc. 16) and Amended Answer (Doc. 86) is **MOOT**.  Given the Magistrate Judge's later Order (Doc. 109) granting default and striking the pleadings that Scherer's counsel purportedly filed on behalf of the Trust, the Court agrees that the Magistrate Judge's order granting leave to file amended answers (Doc. 80) should be revised as to the Trust, and that all pleadings that Scherer's counsel purported to file on the Trust's behalf be stricken.  Therefore, the United States' Motion to Revise, in Part, the Order Granting Leave to Defendants to file Amended Answers is **GRANTED** as to the Trust.  Finally, the United States' Motion to Strike All Other Pleadings that Scherer's Counsel purport to file for the Trust is **GRANTED**.

**B.  Objection to Magistrate Judge's Entry of Default and Motion for Default Judgment**

*1.  Standard*

Under Federal Rule of Civil Procedure 72(a), a party may object to a Magistrate Judge's pretrial order on nondispositive matters.  This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).  Review under Rule 72(a) provides "considerable deference to the determinations of magistrates."  *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citation omitted).

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  At that point, the party seeking default "must apply to the court for a default judgment."  Fed R. Civ. P. 55(b)(2).  Claims which are not well-pleaded, including unsupported conclusions of law, cannot support a

5

judgment. *United States v. Allen*, No. 2:12-cv-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (citing *Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (6th Cir. 1975)). The Court "must review the pleadings as a whole to determine whether a 'sufficient basis' exists entitling Plaintiff to judgment pursuant to Rule 55(b)." *Id.* (citing *Nishimatsu*, 515 F.2d at 1206).

### 2. Merits

Because the Objection relates to the same issue—namely, Scherer's standing to litigate on behalf of the Trust—that is dispositive in the Court's decision on the United States' Motion for Default Judgment, the Court will address the two matters together.

The United States objects in part to the Magistrate's Order granting its motion for entry of default against PNC, arguing that "[a]lthough the Order ostensibly grants the relief sought by the United States, it contains a passage that appears to circumscribe the relief in a way that is contrary to law and inconsistent with other discussion in the Order." (Doc. 112 at 1.)

In granting the motion for default, the Magistrate Judge reasoned that Scherer had no standing to oppose the motion and stated as follows:

> Further, it is unclear how Mr. Scherer will be prejudiced by an entry of default against PNC. If the United States then moves for a default judgment seeking to foreclose on property to which PNC has legal title, Mr. Scherer, as a party to this case, will be allowed to argue that the tax lien in question is not enforceable against such property to the extent that the United States is seeking to collect on Mr. Scherer's personal tax liability, and not the tax liability of the Trust. That argument can be made regardless of whether PNC is defending the action on behalf of the Trust.

(Doc. 109 at 3-4.) The United States now objects that this portion of the Order suggests that a default judgment against the Trust would not support collecting Defendant Scherer's tax liabilities from the Lowestone Road Property and that Scherer would have standing to oppose a

6

motion for default judgment against the Trust, both of which the United States characterizes as contrary to law.  (Doc. 112 at 3.)

In its Motion for Default Judgment, the United States seeks a judgment against the Trust only as to Paragraph D of the Wherefore Clause of its complaint, namely, that the Trust is the alter ego of Scherer and that, therefore, the federal tax liens for any liabilities of Scherer at issue in this case attach to the assets of the Trust, including the Lowestone Road Property, and that they may be enforced against those assets unless Scherer is successful in defending against the United States' request for judgment on his tax liability.  (Doc. 113 at 2.)

Scherer urges the Court not to grant a default judgment because he, as a beneficiary, has standing to represent the Trust.  He argues that a judgment against the Trust could lead to the United States' "taking of the trust assets based on the unlitigated assumption that the Trust is [Scherer's] alter ego, without the merits ever being considered." (Doc. 120 at 3.)  For this reason, he asks the Court to overrule the United States' objection to the Magistrate Judge's entry of default and, further, to deny the motion for default judgment.

The Court will first turn to the question of whether Scherer has standing to litigate on behalf of the Trust.  Ohio law is clear that the trustee, as owner of legal title of the assets of the trust, "is the proper party defendant is a suit involving a trust."  *Fred Martin Motor Co. v. LML Technologies, Inc.*, No. 5:07-cv-2475, 2008 WL 750555, at *1 (N.D. Ohio Mar. 19, 2008). *See also* Ohio Rev. Code § 5808.11 ("A trustee shall take reasonable steps to enforce claims of the trust and to defend claims against the trust."); *Elsen v. Hughes*, 94 N.E.2d 567, 568 (Ohio Ct. App. 1949) (holding that a trustee, not a beneficiary is the proper party to defend an action against the trust, and that if the trustee has breached a fiduciary duty to a beneficiary, the beneficiary's proper recourse is to bring an action against the trust).  As such, the Court

7

concludes that Scherer's status as a beneficiary does not confer him standing to defend on behalf of the Trust.  As the Magistrate Judge pointed out, Scherer retains the right to bring an action against the Trust if he has a colorable claim that the Trustee breached its fiduciary duty in administering the Trust, even though he does not have standing in this action.  *See Elsen*, 94 N.E.2d at 568.

Scherer argues that he has standing to oppose default judgment against the Trust because he will be injured by a finding that the Trust is his alter ego.  This argument is unavailing.  The United States seeks a finding that the Trust is Scherer's alter ego, and that it is entitled to enforce the liens against the Lowestone Road Property *unless* Defendant Ronald Scherer is successful in defending against the United States' request for judgment on his tax liability.  Therefore, a default judgment at this point would not injure Scherer.  A judgment against the Trust does not constitute a money judgment against Scherer or the Trust, nor does it impair Scherer's ability to contest his tax liability in this litigation.

Nor does a default judgment constitute a finding of joint and several liability against Scherer and the Trust.  Scherer cites a number of cases for the proposition that an injury is sufficient to confer standing on a defendant to oppose a default judgment against another defendant when the plaintiff seeks to hold both defendants jointly liable.  *See Sack v. Seid*, No 01-C-6747, 2002 WL 31409573, at *2 (N.D. Ill. Oct. 24, 2002) (denying a motion for default judgment where a money judgment was sought against two retirement plans and the trustee they had in common, and the plaintiff sought to hold all defendants jointly liable); *Rodriguez v. Irwin*, No. 7:10-CV-102, 2011 WL 737316, at *4 (E.D.N.C. Feb. 23, 2011) (relying on *Sack* and finding that a defendant had standing to oppose default judgment against another defendant because the plaintiffs advanced a theory of joint liability); United *States v. Balice*, No. 14-3937,

2015 WL 4251146, at *18 (D.N.J. July 10, 2015) (allowing a taxpayer to defend against an alter-ego default judgment where the taxpayer himself was the trustee).  All of these cases are distinguishable because here the United States does not seek to hold Scherer and the Trust jointly liable.  Rather, the United States merely seeks a judgment that the Trust is an alter ego of Scherer and, therefore, that a lien for Scherer's debt may be enforced on a piece of real property owned by the Trust.  A default judgment will not hold Scherer liable for the debts of the Trust.

Nor is Scherer's reliance on *Taylor Steel, Inc. v. Keeton* persuasive.  Scherer relies on *Taylor Steel* to support his argument that "Ohio law governing alter ego states that the consequence of an alter ego finding is joint and several liability."  (Doc. 116 at 8-9 (citing *Taylor Steel Inc. v. Keeton*, 417 F.3d 598, 602 (6th Cir. 2005).)  In *Taylor Steel*, the Sixth Circuit's discussion of the alter ego doctrine arose in its application of a two-part test, set forth by the Ohio Supreme Court in *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1086 (1993), to determine whether to pierce the corporate veil of a company to hold an individual personally liable.  417 F.3d at 605.  The first part of the veil-piercing test was an alter-ego determination but the second part was a determination that the individual exercised "control of the corporation . . . in such a manner as to commit fraud or an illegal act" that harmed the party seeking to pierce the corporate veil.  *Id.* at 608.  Here, veil piercing is not at issue, and, any inference from *Taylor Steel* that veil piercing requires a finding of joint liability is irrelevant to Scherer and the Trust.  *See also United States v. Toler*, 666 F. Supp. 2d 872, 886 (S.D. Ohio 2009) ("Ohio law does recognize alter ego doctrine as distinct from veil piercing.").

Because Scherer lacks standing as the beneficiary of the Trust to oppose the motion for default judgment, the Court **SUSTAINS** the United States' Objection to Part of the Magistrate Judge's Order at Docket Item # 109.

The Court next turns to the question of whether the well-pleaded factual allegations in the Complaint merit a default judgment as to alter-ego status. The Court concludes that they do.

The United States is permitted to collect assets held by a taxpayer's alter ego to collect that taxpayer's federal tax liability. *Lemaster v. United States*, 891 F.2d 115, 119 n.3 (6th Cir. 1989) (per curiam). Scherer contends that the allegations in Plaintiff's complaint relating to Scherer's control over the Trust are mere legal conclusions and should be disregarded. But the factual allegations in paragraphs 23-38 of the complaint detail the Trust's tax returns and bank transactions and are supported by attached bank statements, tax returns, the Trust document, and correspondence from the Trustee. (*See* Docs. 1, 5.) Such allegations are well pleaded and provide a sufficient basis to support a judgment. *See United States v. Allen*, 2014 WL 5305518, at *2.

Next, the Court will examine whether these allegations state an alter-ego claim. Under Ohio law, in deciding whether a company is the alter ego of an individual, Ohio courts consider the following factors:

> (1) grossly inadequate capitalization, (2) failure to observe corporate formalities, (3) insolvency of the debtor corporation at the time the debt is incurred, (4) shareholders holding themselves out as personally liable for certain corporate obligations, (5) diversion of funds or other property of the company property for personal use, (6) absence of corporate records, and (7) the fact that the corporation was a mere facade for the operations of the dominant shareholder(s).

*Taylor Steel*, 417 F.3d at 605 (quoting *LeRoux's Billyle Supper Club v. Ma*, 602 N.E.2d 685, 689 (Ohio Ct. App. 1991)).

Nearly all of these factors weigh in favor of a judgment that the Trust was Scherer's alter ego. First, the Trust was inadequately capitalized after Scherer diverted large sums to his own accounts. Second, Scherer also failed to observe trust formalities because he used Trust assets for his personal use. With regard to the third factor, the Government has attached exhibits

10

indicating that the Trust was insolvent at the time that the Tax Court entered a decision in August 2005 holding that Scherer's 1990-92 income taxes were deficient.  (Docs. 5-1, 5-4-5-6.)  The fourth and fifth factors also weigh in favor of a finding of alter-ego status because evidence that the Trustee asked Scherer to replenish the Trust's accounts suggests that he held himself out as personally liable for certain Trust obligations, and bank statements also reveal that he transferred hundreds of thousands of dollars from the Trust bank account to his personal accounts.  There does not appear to be evidence in the record regarding the sixth factor, the absence of corporate records.  Finally, the terms of the Trust, by which Scherer retained authority and control over its assets, suggest that the Trust was a mere façade for Scherer's operations.  Because the complaint states a plausible claim for relief that the Trust is Scherer's alter ego, the Court **GRANTS** Plaintiff's Motion for Default Judgment.  Plaintiff may enforce its tax lien against the Trust, including the Lowestone Road Property, unless Defendant Scherer is successful in defending against Plaintiff's request for judgment on his liability for the tax assessments at issue.

### III.  CONCLUSION

The United States' Motion to Amend the Magistrate Judge's Order (Doc. 97) is **GRANTED in part** and **MOOT in part**.  The United States' Objection to Part of the Magistrate Judge's Order at Docket Item # 109 (Doc. 112) is **SUSTAINED** and the paragraph beginning on page 3 of the Magistrate Judge's Order with "further" is **STRICKEN** in its entirety.

Finally, the United States' Request for Entry of Default Judgment against the Ronald E. Scherer Restatement of Trust, PNC Bank (as successor in interest to National City Bank) Trustee (Doc. 113) is **GRANTED**.  Judgment is **GRANTED** in favor of the United States and against Ronald E. Scherer Restatement of Trust, PNC Bank (as successor to National City Bank) Trustee that the Trust is the alter ego of Defendant Ronald Scherer for the assessments of income and

employment taxes at issue in this case attached to the assets of the Trust, including the real property located at 4425-27 Lowestone Road, Columbus, Ohio 43220, and that said liens may be enforced against said real property unless Defendant Ronald Scherer is successful in defending against the United States' request for judgment on his liability for the tax assessments at issue or the Court finds cause to grant pre-judgment relief.

**IT IS SO ORDERED.**

                                                                       *s/ Algenon L. Marbley*
                                                    **ALGENON L. MARBLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**DATED:  March 16, 2016**