UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 14-cv-452 |
| | ) |
| v. | ) Judge Algenon L. Marbley |
| | ) |
| RONALD E. SCHERER, | ) Mag. Judge Terence P. Kemp |
| RONALD E. SCHERER RESTATEMENT | ) |
| OF TRUST, PNC BANK (as successor | ) |
| to National City Bank) TRUSTEE, | ) |
| COLLEGE PROPERTIES LIMITED | ) |
| PARTNERSHIP, | ) |
| MARSHA JO SCHERER (n/k/a MARSHA JO | ) |
| LUSTNAUER AMICON), | ) |
| SCHERER FAMILY IRREVOCABLE TRUST, | ) |
| DAVID THOMPSON, TRUSTEE, | ) |
| MUNICIPAL TAX INVESTMENT, LLC, and | ) |
| FRANKLIN COUNTY TREASURER, | ) |
| | ) |
| Defendants. | ) |

**ORDER REGARDING SALE OF RESIDENTIAL REAL PROPERTY LOCATED AT
6015 STROME COURT, DUBLIN, OHIO 43017**

With respect to the portion of Count III of the Complaint concerning the residential real property located at 6015 Strome Court, Dublin, Ohio 43017 (the "Strome Court Property"), the Strome Court Property shall be sold and the net proceeds remaining after payment of the costs of sale, real estate broker commissions, title company fees that the seller is required to pay for conducting the closing and/or escrow services, any outstanding real property taxes, and any liens superior to those of the United States shall be held in escrow by a title company that shall conduct the closing for the sale and that is selected by mutual agreement of the Plaintiff United States and the Defendants Ronald Scherer, College Properties Limited Partnership, Marsha Jo Scherer (n/k/a Marsha Jo Lustnauer Amicon), Scherer Family Irrevocable Trust, David Thompson, Trustee (the Scherer Defendants). The title company may not be one in which any of

1

the Scherer Defendants own an interest. The Scherer Defendants may not receive any portion of the fees received by the title company for its work in this matter. The title company shall hold the net proceeds in escrow until the Court issues an order providing instruction as to how it is to disburse the net proceeds.

Within thirty (30) days, not including Saturdays, Sundays, or federal holidays, of the date that this Order is entered, the Strome Court Property is to be listed for sale by a real estate broker or agent chosen by the Scherer Defendants. The real estate broker or agent shall not be any of the Scherer Defendants or a relative of any of them. The real estate broker's business may not be one in which any of the Scherer Defendants own an interest. The Scherer Defendants may not receive any portion of the commission. The combined seller broker/agent and buyer broker/agent commissions shall not exceed a total of six-percent (6%). Trial counsel for the United States shall have the right to have direct communication with the Real Estate Broker or Agent selected by the Scherer Defendants to make suggestions regarding the listing or list price and to receive updates on showings or offers.

Within ten (10) days, not including Saturdays, Sundays, or federal holidays, of the date that this Order is entered, the United States shall inform Defendant Scherer's counsel of the lowest price that the United States will agree that the property may be sold by the Real Estate Broker or Agent selected by the Scherer Defendants. If the Scherer Defendants want to sell the property for a price below the lowest price agreed to by the United States, they will have to move the Court for an order permitting the sale.

A motion for an order instructing the title company how to disburse the net proceeds for purposes of Defendant Scherer's income tax and/or trust fund recovery penalty liabilities at issue in this case may be filed as soon as a judgment for either or all of those liabilities has been

entered by the Court and net proceeds are available for disbursement. A proposed order accompanying the motion shall provide that the portion of any proceeds of the sale of the Strome Court Property that is disbursed to the United States shall be applied first to any judgment entered against Defendant Ronald Scherer in this case for trust fund recovery penalty liabilities and the remainder, if any, may be applied to any judgment entered against Defendant Ronald Scherer in this case for income taxes and/or to any other liability of Defendant Ronald Scherer to the United States. An order containing disbursement instructions shall be subject to appeal.

In the event that a sale facilitated by the Real Estate Broker or Agent selected by the Scherer Defendants does not go to closing within 270 days of the date that this Order is entered, the United States shall have the right to replace the Real Estate Broker or Agent selected by the Scherer Defendants with one of its choosing. Again, the combined seller broker/agent and buyer broker/agent commissions shall not exceed a total of six-percent (6%). In the event that the United States exercises its right to replace the Real Estate Broker or Agent selected by the Scherer Defendants, the Scherer Defendants shall cooperate with, and, if requested, provide assistance to, the Real Estate Broker or Agent selected by the United States in his/her efforts to sell the Strome Court Property. Also, in the event that the United States exercises its right to replace the Real Estate Broker or Agent selected by the Scherer Defendants, the United States alone shall have the right to determine the listing price for the Strome Court Property. Further, in the event that the United States exercises its right to replace the Real Estate Broker or Agent selected by the Scherer Defendants, the Scherer Defendants shall have no right to contest the sale price as long as it is within a commercially reasonable range taking into account the condition of the property, the condition of the real estate market in the area where the property is located,

features or conditions of the neighborhood in which the property is located that impact the prices of homes, and the amount of time the property has been marketed for sale.

If the Strome Court Property is sold by a Real Estate Broker or Agent selected by the United States, the net proceeds remaining after payment of the costs of sale, seller and buyer broker/agent commissions, title company fees that the seller is required to pay for conducting the closing and/or escrow services, any outstanding real property taxes, and any liens superior to those of the United States shall be held in escrow by a title company that conducts the closing for the sale and that is selected by the United States and the Real Estate Broker or Agent that it selects. The title company shall hold the net proceeds in escrow until the Court issues an order providing instruction as to how it is to disburse the net proceeds.

A motion for an order instructing the title company selected by the United States and the Real Estate Broker or Agent that it selects how to disburse the net proceeds for purposes of Defendant Scherer's income tax and/or trust fund recovery penalty liabilities may be filed as soon as a judgment for either or all of those liabilities has been entered by the Court and net proceeds are available for disbursement. A proposed order accompanying the motion shall provide that the portion of any proceeds of the sale of the Strome Court Property that is disbursed to the United States shall be applied first to any judgment entered against Defendant Ronald Scherer in this case for trust fund recovery penalty liabilities and the remainder, if any, may be applied to any judgment entered against Defendant Ronald Scherer in this case for income taxes and/or to any other liability of Defendant Ronald Scherer to the United States. An order containing disbursement instructions shall be subject to appeal.

Whether sold by a Real Estate Broker or Agent selected by the Scherer Defendants or by the United States, the sale of the Strome Court Property shall be free and clear of all rights, title,

claims, and interests, if any, of the Scherer Defendants and of the United States. It is expected that any outstanding real property taxes owed with respect to the Strome Court Property shall be paid from the gross proceeds of sale, and therefore, and to the extent such outstanding real property taxes, if any, are paid, the property shall be sold free and clear of all rights, claims, and interests of the Defendant Franklin County Treasurer.

The Scherer Defendants waive and disclaim any rights, title, claims, and interests that they may have in the Strome Court Property, in substance and/or form, and they shall receive no proceeds from the sale of the Strome Court Property.

After the Strome Court Property is sold under the terms described above, the Court enters an order of disbursement of the proceeds of sale, any appeals concerning an order of disbursement are exhausted, and the United States receives the portion of the proceeds of sale specified in an order of disbursement, the portion of Count III of the Complaint regarding the Strome Court Property shall be moot. This order does not constitute a finding on the merits of the United States' alter ego claim regarding the Strome Court Property.

Based on the record, there is no just reason to delay the entry of a final order; therefore, this order is final under Rule 54(b) of the Federal Rules of Civil Procedure.

DATE: May 17, 2016

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE