# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14-cv-452 |
| | ) |
| RONALD E. SCHERER, | ) Judge Algenon L. Marbley |
| RONALD E. SCHERER RESTATEMENT | ) |
| OF TRUST, PNC BANK (as successor | ) Mag. Judge Terence P. Kemp |
| to National City Bank) TRUSTEE | ) |
| COLLEGE PROPERTIES LIMITED | ) |
| PARTNERSHIP, | ) |
| MARSHA JO SCHERER (n/k/a MARSHA JO | ) |
| LUSTNAUER AMICON), | ) |
| SCHERER FAMILY IRREVOCABLE TRUST, | ) |
| DAVID THOMPSON, TRUSTEE, | ) |
| MUNICIPAL TAX INVESTMENT, LLC, and | ) |
| FRANKLIN COUNTY TREASURER, | ) |
| Defendants. | ) |

## FINDINGS AND ORDER

Before the Court is a joint request for entry of a judgment under Fed.R.Civ.P. 54(b) in favor of the Plaintiff United States of America and against Defendant Ronald Scherer, under 26 U.S.C. Section 6672, for unpaid trust fund recovery penalty assessments for the periods 2nd Quarter of 2006, 4th Quarter of 2006, 2nd Quarter of 2008, 3rd Quarter of 2008, 4th Quarter of 2008, 1st Quarter of 2009, and 3rd Quarter of 2009, in the total amount of $56,133.27, plus statutory accruals as allowed by law from August 26, 2013, including, but not limited to, interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c), until fully paid.

Also before the Court is a joint request for entry of an order granting an award to the United States in the amount of $5,000 to be paid by all counsel for Ronald Scherer (Mark D.

Belongia, Esquire, Samir Dahman, Esquire, and Venar Ayar, Esquire) under 28 U.S.C. Section 1927 and/or the Court's inherent power.

With respect to the request that judgment against Ronald Scherer for the amount of his liability for assessments for trust fund recovery penalties be entered under Rule 54(b), FRCP, the Court finds that there is no just reason to delay the entry of such final judgment and that entry of a final judgment will facilitate progress in the litigation. The issues that will remain for resolution are (1) his liability for income taxes for 1990, 1991, and 1992, (2) the sale and distribution of the proceeds of sale of a residential property at 6015 Strome Court, Dublin, Ohio 43017 (the "Strome Court Property"), and (3) the sale and distribution of the proceeds of sale of a residential property at 4425 -4427 Lowestone Road, Columbus, Ohio 43220 (the "Lowestone Road Property"). The status of these issues is as follows. The Court dismissed Scherer's amended counterclaim, which, in substance, was his defense to the United States' claim for income taxes in this case. The sale of the Strome Court Property is governed by the Order entered at Docket Item #152. Efforts to sell the Strome Court Property are ongoing. The Court decided that, to the extent that the United States is entitled to judgment based on the income and/or trust fund recovery penalty assessments at issue, federal tax liens that arose upon the making of those assessments attached to the Lowestone Road Property and the United States may enforce them. Docket Item #143. Entry of the proposed judgment under Rule 54(b) for Ronald Scherer's liability for the trust fund recovery penalties at issue in this case will permit the parties to focus on the remaining issues, and it will not impair their efforts in doing so.

With respect to the joint request for an order granting an award to the United States in the amount of $5,000 to be paid by all counsel for Ronald Scherer under 28 U.S.C. Section 1927 and/or the Court's inherent power, counsel for Ronald Scherer deny that they should be

2

sanctioned for their conduct in connection with the Order at Docket Item #150 and Federal Rule of Civil Procedure 26(a)(1)(A)(ii), but they and their counsel acknowledge that the evidence and argument submitted by the United States in support of sanctions is sufficient for the Court to conclude that sanctions are appropriate, notwithstanding their earlier filed opposition papers.

Having reviewed the papers submitted by the parties for and against the entry of an order granting an award to the United States to be paid by all counsel for Ronald Scherer under 28 U.S.C. Section 1927 and/or the Court's inherent power, and taking into account the overall record in this case, the Court finds and concludes that an order should be entered in favor of the United States and against all counsel for the Ronald Scherer (Mark D. Belongia, Esquire, Samir Dahman, Esquire and Venar Ayar, Esquire) in the amount of $5,000 under 28 U.S.C. Section 1927 and/or the Court's inherent power, the amount proposed by the United States and by Counsel for Scherer. The order shall be entered for the conduct of Counsel for Scherer in connection with the Order at Docket Item #150 and Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

The conduct of counsel for Scherer supporting the entry of an order granting an award to the United States may be summarized as follows. Pursuant to the Order at Docket Item #150, counsel for Ronald Scherer provided a letter of explanation and documents that they claim show that the IRS received funds in response to Notices of Levy served on a bank and failed to credit them to the employment tax liability of a business owned by Scherer, and therefore, the liability for assessments for trust fund recovery penalties asserted against Scherer is overstated. The United States provided a letter and documents to counsel for Ronald Scherer, explaining and showing that the IRS did not receive money from levies and fail to credit it to a business owned by Scherer. Counsel for Scherer did not accept that their claim was without merit. Instead, they

3

engaged in further conduct and filed additional papers in Court that forced the United States to commit additional time and resources to further investigating the matter and preparing and filing papers and briefs in Court, refuting further and beyond any doubt Scherer's claim that the IRS received funds from levies on a bank and failed to apply them to the account of a business he owned.

The award granted by the proposed order is to redress the conduct, dissuade further similar conduct, and to compensate the United States for its time and resources. The order granting the award is entered against Counsel for Ronald Scherer, not Mr. Scherer, and it must be paid by them from their personal funds, not by Mr. Scherer or from Mr. Scherer's funds or assets. Counsel for Scherer must pay the award in the amount of $5,000 to the United States within seven (7) days of the entry of the order granting it, not including Saturdays, Sundays, or federal holidays, or else the United States may request that judgment be entered against them in that amount under Rule 54(b) for the same reasons that judgment against Ronald Scherer for his liability for trust fund recovery penalties should be entered under Rule 54(b).

Based on the foregoing background, findings, reasons, and conclusions, it is hereby

ORDERED that the joint request is granted, and it is hereby

ORDERED FURTHER that the proposed form of judgment for trust fund recovery penalties and the proposed form of order granting an award to the United States in the amount of $5,000 to be paid by all counsel for Ronald Scherer (Mark D. Belongia, Esquire, Samir Dahman, Esquire, and Venar Ayar, Esquire) under 28 U.S.C. Section 1927 and/or the Court's inherent power submitted with the request shall be entered, and it is hereby

4

ORDERED FURTHER that, based on the record, there is no just reason to delay the entry of final judgment; therefore, the judgment shall be final under Rule 54(b) of the Federal Rules of Civil Procedure, and it is hereby

ORDERED FURTHER that the hearing scheduled on March 23, 2017, at 10:00 a.m. is converted into a status conference at which Defendant Ronald E. Scherer and at least one of his counsel shall appear in person and counsel for the United States may attend by telephone.

DATE: March 21, 2017

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE